Prob 12
(Mod.  For E.VA 01/05)

RECEIVED
FILED
JUL -5 2006
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
## for
## EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. <u>Robert Wylie</u>                Docket No. <u>1:94CR00395-002</u>

### Petition on Supervised Release 06 - 3 3 1 - M - 01

COMES NOW <u>Elizabeth T. Louison</u>, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of <u>Robert Wylie</u>, who was placed on supervision by the Honorable <u>Albert V. Bryan, Jr.</u> Sitting in the Court at <u>Alexandria</u>, Virginia, on the <u>20th</u> day of <u>January</u>, <u>1995</u>, who fixed the period of supervision at <u>3 years</u>, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

The defendant shall participate in a program approved by the United States Probation Office for substance abuse, which program may include residential treatment and testing to determine whether the defendant has reverted to the use of drugs or alcohol, with partial cost to be paid by the defendant, all as directed by the probation officer.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**
**See Attachment(s)**

**PRAYING THAT THE COURT WILL ORDER** a warrant to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

**Bond Recommendation: No Bond**

FILED

JUL 2 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### ORDER OF COURT

Considered and ordered this <u>5th</u> day of <u>July</u>, <u>2006</u> and ordered filed and made a part of the records in the above case.

<u>Claude M. Hilton</u>
United States District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on <u>6-26-06</u>

<u>Elizabeth Louison</u>
Elizabeth T. Louison
Senior U.S. Probation Officer

Place <u>Alexandria, Virginia</u>

**A TRUE COPY, TESTE:**
CLERK, U.S. DISTRICT COURT

**TO CLERK'S OFFICE**   BY _____
DEPUTY CLERK



RECEIVED
JUL -6 2006
U.S. PROBATION OFFICE
ALEXANDRIA, VA

Petition on Supervised Release
Page 2
RE: WYLIE, Robert

OFFENSE: Armed Bank Robbery and Use of a Firearm During and in Relation to a
Crime of Violence.

SENTENCE: On January 20, 1995, the defendant was committed to the custody of
the U.S. Bureau of Prisons for 117 months, to be followed by a 3-year term of
supervised release.

On August 19, 2005, the defendant appeared before the Honorable Claude M.
Hiton due to his failure to report for the term of supervised release. The
Court ordered that he serve 30 days, with credit for time served, and
continue the term of supervised release.

ADJUSTMENT TO SUPERVISION: On June 18, 2004, Mr. Wylie was released
from incarceration to begin the term of supervised release. Mr. Wylie's
adjustment to supervision was poor. He failed to report for supervision, so
a warrant was issued on August 17, 2004. The defendant's appearance at a
Hearing on Violation on August 19, 2005, was due to his failure to report,
and he was continued on supervised release.

Mr. Wylie reported to this office on August 29, 2005, following his release
from jail. Due to his residence in the District of Columbia at the CCNV
shelter, supervision of his case was transferred to the U.S. Probation Office
for the District of Columbia on January 25, 2006. Mr. Wylie remained in
contact with that office until May 2006, but has failed to report further.
His current whereabouts are unknown.

VIOLATIONS: The following violations are submitted for the Court's
consideration.

CONDITION 6:          **FAILURE TO NOTIFY THE PROBATION OFFICER WITHIN 72
                      HOURS OF CHANGE IN RESIDENCE.**

Mr. Wylie failed to notify the Probation Officer within 72 hours of his
change in residence.

The defendant last stayed at the Community For Creative Non-Violence shelter,
his address of record, on May 9, 2006. Although his belongings are still at
the shelter, he has not lived at the shelter in over a month. There was
concern that perhaps Mr. Wylie was hospitalized, however, his doctor has
contacted the local hospitals and has had no success in locating him.
Mr. Wylie did not notify the shelter of a change of address, and did not
notify the U.S. Probation Office of a change in address.

SPECIAL CONDITION:    **FAILURE TO COMPLETE DRUG TREATMENT.**

Mr. Wylie was directed to begin urine testing on April 3, 2006, at the Next
Step program. Mr. Wylie has failed to attend testing at the Next Step.

ETL/smb④